## Examination of Unemployment Compensation Employes

RUTHERFORD, Deputy Attorney General, October 16, 1940.—This department is in receipt of your communication of August 16, 1940, in which you request this department to advise you on the following problems:

1. Whether under the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended by the Acts of May 18, 1937, P. L. 658, and June 20, 1939, P. L. 458, 43 PS §751 et seq., only those applicants who meet the minimum qualifications established by the Secretary of Labor and Industry, under the law, may be admitted to competitive examinations.

2. In preparing and certifying lists of eligibles, is the Unemployment Compensation Board of Review required to certify county lists of eligibles, or may it prepare and certify lists of eligibles for the State as a whole and employment service districts only.

3. Under the Unemployment Compensation Law, supra, is the Unemployment Compensation Board of Review required to grant an oral examination or a rating for experience to any individual who fails to pass successfully a written competitive examination.

4. In making public announcement of the holding of competitive examinations, is it proper to include in such public announcement a statement of the approximate number of positions to be filled from the lists of eligibles prepared from the results of such an examination.

The civil service and selection of personnel for the Pennsylvania Bureau of Employment and Unemployment Compensation is governed by section 208 of the Unemployment Compensation Law, supra, as amended by the Acts of 1937 and 1939, 43 PS §751.

The answer to your first inquiry is found in section 208(e) and section 208(f), as amended by the Act of 1937, supra, as follows:

"(e) The secretary shall prescribe, by rules and regulations, the qualifications to be possessed by persons desiring employment in the various grades of employment in the administration of this act. The qualifications shall be such as will best promote the most efficient administration of this act. . . .

"(f) Every individual desiring employment under the provisions of this act shall file with the board an appli-

cation, which shall be in a form prescribed by the board, provided that such application shall be the same for all individuals desiring the same grade of employment, *and shall be so drawn as to reveal the qualifications as prescribed by the secretary.* . . . Such competitive examinations shall be practical in their character and, so far as may be possible, shall relate to those matters which will fairly test the relative capacity and fitness of persons examined to discharge the duties of the service into which they seek to be appointed, but no applicant shall be required to be possessed of any scholastic education or training in order to be permitted to take any competitive examination or to be appointed to any position." (Italics supplied.)

By virtue of the foregoing sections of the act, the secretary has the responsibility of prescribing qualifications for persons desiring employment in the various grades of employment in the administration of the Unemployment Compensation Law. Since these qualifications are the standards which must be met, they become the minimum qualifications that an applicant must possess in order to be permitted to take the competitive examination. In setting up qualifications, however, the secretary is prohibited from requiring that the applicant be possessed of any scholastic education or training in order to be permitted to take the competitive examination.

It is thus imperative that the applications shall be so drawn as to reveal qualifications as prescribed by the secretary, since only those applicants whose applications do show the qualifications prescribed by the secretary may be admitted to examination.

The answer to your second question is found in section 208(*i*), which provides as follows:

"(*i*) *The board shall certify to the secretary for each administrative district, and for the State as a whole, lists of the names of persons receiving a passing mark,* and shall rank such persons in the order of magnitude com-

mencing with the highest rating for the specific grade of employment." (Italics supplied.)

Under the law the board is thus required to certify to the secretary only for each administrative district and for the State as a whole. In section 208($e$) the secretary, in prescribing qualifications for employes, is required to set up certain standards of citizenship and residence for persons applying for positions, for the State as a whole and for administrative districts. As there is no provision regarding county lists, there is no requirement or authority for certification of county lists, and lists are limited to the State as a whole and administrative districts.

The answer to your third query is found in section 208($f$) as follows:

"($f$) Every individual desiring employment under the provisions of this act shall file with the board an application which shall be in a form prescribed by the board, provided that such application shall be the same for all individuals desiring the same grade of employment, and shall be so drawn as to reveal the qualifications as prescribed by the secretary. In no case shall the board require of the applicant any information pertaining to his race, creed, color, or political affiliations. Upon receiving such application the applicant shall be admitted to the next competitive examination in the grade of employment which he or she seeks. . . . Such competitive examinations shall be in writing, but in arriving at a final rating of applicants for such administrative and professional grades of employment as are so designated by the board, *the board may take into consideration such experience and personal qualifications as are related to the grades of employment for which applicants are being examined,* provided that the same standards shall apply with respect to all applicants in the same grade of employment." (Italics supplied.)

It is clear from the wording of this section, namely, "such competitive examinations shall be in writing", that

this provision is mandatory and that the written examination is the sine qua non for eligible lists. However, under this section, the board, within its discretion, may consider experience and personal qualifications, the latter of which are best ascertained through an oral examination. Though it is necessary for an applicant to pass a written examination, experience and personal qualifications may be considered through an oral examination in arriving at a final rating.

With reference to the fourth question, since this is obviously administrative policy, it is a matter for your department to determine. Though there is no express authority in the law that a statement of the approximate number of positions to be filled from lists of eligibles prepared from the results of such examination should be given or not, if it would appear desirable for your department, in making public announcement of competitive examinations, from the point of view of administrative efficiency, to include a statement of the approximate number of positions to be filled, it could be so included.

In view of the foregoing, we are of the opinion, and you are accordingly advised, that:

1. The answer to your first question is in the affirmative. Only such persons may be admitted to examinations under the Unemployment Compensation Civil Service System as are found to meet the minimum qualifications established by the Secretary of Labor and Industry for the positions for which they apply.

2. Lists of eligibles for the State and administrative districts only should be prepared; county lists should not be included.

3. The answer to your third question is in the negative. No person who fails to pass the written examination can be given an oral examination or rating for experience and personal qualifications. It is only after the applicant has passed the written examination that the board, within its discretion, may, in arriving at a final rating, consider

experience and personal qualifications through an oral examination.

4. As stated above, as a matter of administrative policy, announcements of examinations, where possible, could include a statement of the approximate number of positions to be filled from the lists resulting from such examinations.